1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAO KANG LIN, | ) 1:09-cv-01797-LJO-JLT HC |
| | ) |
| | ) FINDINGS AND RECOMMENDATION TO GRANT |
| | ) RESPONDENT'S MOTION TO DISMISS |
| | ) PETITION FOR WRIT OF HABEAS CORPUS |
| | ) FOR MOOTNESS (Doc. 9) |
| | ) |
| Petitioner, | ) ORDER DIRECTING PARTIES TO FILE |
| | ) OBJECTIONS WITHIN TWENTY DAYS |
| v. | ) |
| | ) |
| ERIC H. HOLDER, JR., | ) |
| Attorney General, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner originally filed documents with this Court on October 13, 2009.  (Doc. 1).  The petition alleges that, at the time of filing, Petitioner was in the custody of the United States Bureau of Immigration and Customs Enforcement ("ICE").   In the petition, Petitioner alleges that he is a native of China, that he is subject to a final order of removal from the United States as of April 7, 2009, and

1

1   that he has been in continuous custody of ICE since that date, a period of more than six months at the

2   time the petition was filed.  (Doc. 1, pp. 2-4).  Petitioner alleges that his detention pursuant to 8

3   U.S.C. § 1231(a)(6) is indefinite and violates his substantive and procedural due process rights under

4   the Due Process Clause of the Fifth Amendment of the United States Constitution.  (Doc. 1, p. 6).

5   Petitioner also asserts that his detention is in violation of Respondent's statutory authority.  (Id.).

6       After an initial screening, the Court concluded that, if proven, Petitioner's allegations might

7   require that the petition be granted and that Petitioner be released from Respondent's custody.

8   Accordingly, on November 10, 2009, the Court issued Respondent an Order to Show Cause why the

9   petition should not be granted and required Respondent to file a response within forty-five days.

10  (Doc. 5).  On December 28, 2009, Respondent filed his response, arguing that the petition should be

11  denied on its merits.  (Doc. 7).

12      On May 24, 2010, before the Court could issue a decision on the merits of the petition,

13  Respondent filed the instant motion to dismiss, contending that Petitioner has been released from

14  ICE custody and therefore the petition is moot and the case should be dismissed.  (Doc. 9).

15                                          **DISCUSSION**

16      A federal court may grant a petition for writ of habeas corpus only if the petitioner can show

17  that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28

18  U.S.C. § 2241(c).  Habeas corpus proceedings pursuant to § 2241 remains an available forum for

19  statutory and constitutional challenges to the authority of the Attorney General to order post-

20  removal-period detention.  In such a proceeding, the petitioner is not seeking review of the Attorney

21  General's exercise of discretion but is challenging the extent of his authority to detain under the

22  statute, which is not a matter of discretion.  Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001);

23  Magana Pizano v. Immigration and Naturalization Service, 200 F.3d 603, 608-09 (9th Cir. 1999).

24  Accordingly, the Court has subject matter jurisdiction over this action.

25      Respondent contends that the instant petition is moot because Petitioner has been released

26  from ICE custody.  The Court agrees.

27      The case or controversy requirement of Article III of the Federal Constitution deprives the

28  Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104

1   S.Ct. 373, 374-75 (1983); <u>N.A.A.C.P., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352

2   (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties

3   lack a legally cognizable interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982).  The

4   Federal Court is "without power to decide questions that cannot affect the rights of the litigants

5   before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* <u>Aetna Life Ins.</u>

6   <u>Co. v. Hayworth</u>, 300 U.S. 227, 240-241 (1937).

7          In the instant case, the only issue properly before this Court is the constitutionality of

8   Petitioner's ongoing detention by Respondent[1] and the only relief which the Court could afford to

9   Petitioner in these proceedings would be an order releasing Petitioner from Respondent's custody, if

10  the Court determined that his continued detention by ICE was unlawful.

11         The record now before the Court establishes that Petitioner was released from Respondent's

12  custody on March 16, 2010.  (Doc. 9, Ex. 1).  Accordingly, there is no further relief that the Court

13  can afford Petitioner and therefore the petition is moot.  Hence, Respondent's motion to dismiss for

14  mootness should be GRANTED and the Petition should be DISMISSED for failure to state a claim.

                                    **RECOMMENDATION**

16         Based on the foregoing, the Court RECOMMENDS as follows:

17         1.  Respondent's Motion to Dismiss  (Doc. 9), should be GRANTED;

18         2.  The Petition for Writ of Habeas Corpus (Doc. 1), should be DISMISSED for failure to

19         state a claim as it is now MOOT.

20         This Findings and Recommendations is submitted to the District Judge assigned to this case,

21  pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice

22  for the United States District Court, Eastern District of California.  Within twenty (20) days after

_____

[1] On May 11, 2005, Public Law 109-13 was enacted.  Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal."  Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows: "Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)
       The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Thus, unlawful detention is the only issue this Court has jurisdiction to consider under RIDA.

being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 26, 2010**                                  **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE